No. 4.—GEORGE W. McGEHEE and THOS. SCOTT, plaintiffs in
error, *vs.* JEREMIAH SCOTT, Guardian, defendant in error.

[1.] Where a principal, in a guardian's bond, agreed with his securities, that
if they would go upon his bond for a time, he would afterwards give a
new bond, with different securities, and accordingly, such bond was subse-
quently presented and refused by the Ordinary, and it did not appear that
the security was good and sufficient for the protection of the minors: *Held*,
that such agreement did not give to the securities a right to have their
discharge, upon the principal giving a new bond, with securities whom the
Ordinary did not approve.

[2.] *Semble:* Where such an agreement had been made, that if the bond and
security were such as should have been deemed sufficient, and the Ordina-
ry had arbitrarily refused to receive the same, upon this being shown, he
might be compelled to do so.

Rule *nisi*, to discharge securities, on guardian's bond.—
Heard and decided by Judge HILL, May Term, 1853.

At the July Term, 1852, of the Court of Ordinary of Troup
county, plaintiff's in error filed the following rule *nisi:*

"It appearing to the Court, that heretofore, to wit: at the
May Term of this Court, 1846, Jeremiah Scott was appointed
guardian of Leroy C. and Sarah J. Scott, his own minors,
and gave bond, in the sum of two thousand dollars, with George
W. McGehee and Thomas Scott, as his securities; and it fur-
ther appearing, that said McGehee and Scott became security
on said bond, under a promise, by agreement with said Jere-
miah Scott, that he would give another bond, with new secu-
rity, and relieve the said McGehee and Scott. And it further
appearing, that at November Term, 1851, of said Court, Jer-
emiah Scott did give another bond, with other securities, as
guardian for said minors; and no order having been passed,
releasing the said George W. and Thomas, it is ordered by the
Court, that said Jeremiah Scott and his securities, show cause,
at the next Term of this Court, why an order discharging the
said George W. McGehee and Thomas Scott, should not be
passed, *nunc pro tunc*".

At the hearing, the Court of Ordinary refused to make the

rule absolute ; from which decision, an appeal was taken to the Superior Court, and the judgment of the Ordinary affirmed.—. To which decision, counsel for plaintiffs excepted.

*By the Court.*—STARNES J. delivering the opinion.

[1.] No such agreement as that which is set up in this case, could give to the securities the right to a discharge, upon the principal giving bond, with any sort of security. Such an agreement might, perhaps, avail the parties, if the Ordinary approve the new security which is given, when it is presented.

But it is out of the power of a principal and his securities, to make any such agreement, as would give them the right, upon the principal presenting a new bond, with any new securities, to the Ordinary, whether he approved the same or not, to have their discharge.

[2.] We will not say, if such agreement had been made, and in pursuance of it, a bond, with new and sufficient security, had been tendered to the Ordinary, which would have been sufficient and ample for the protection of the minors, and he had arbitrarily refused to receive the same, but that upon a case made, he might be compelled to do so.

But this does not appear from the record here, nor that the bond and security tendered, is such as should be approved and received by the Ordinary, as the officer in whose discretion the law confided, for exercise of prudent watchfulness and care, in taking and receiving such bonds. And in the absence of this, we decline to control the discretion of that officer.

Judgment affirmed.